1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

12 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ON BEHALF OF NEW CENTURY ALTERNATIVE MORTGAGE LOAN TRUST 2006-ALT2,

13

Plaintiff,

14

vs.

15

16 | BENJAMIN T. GUDOY, JR.; VICTORIA F. GUDOY; and DOES 1 to 10, inclusive,

17

Defendants.

**CASE NO: 3:10-CV-1440-IEG (RBB)**

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND CASE AND (2) DENYING PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

18
19
20

This is an action for unlawful detainer. Plaintiff sued Defendants in the Superior Court for the County of San Diego, and Defendant Benjamin T. Gudoy ("Gudoy") removed the case to this Court on July 12, 2010. Doc. No. 1. Currently before the Court are Plaintiff's Motion to Remand the Case and Request for Attorney Fees and Costs, filed on October 20, 2010. Doc. No. 2. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** Plaintiff's Motion for Attorney Fees and Costs.

21
22
23
24
25
26
27
28

1

**BACKGROUND**

Plaintiff's Complaint[1] alleges that Defendants Benjamin and Victoria Gudoy and Does 1-10 are individuals currently residing at or otherwise in possession of the property located at 16254 Winecreek Road, San Diego, CA  92127.  Notice of Removal, Ex. A ¶ 1 (Plaintiff's Original Complaint) [hereinafter "Complaint"].  On March 2, 2010, a foreclosure sale was allegedly held, at which time Plaintiff took title to the property and received an executed Trustee's Deed Upon Sale, later recorded in the Official Records in the office of the County Recorder of San Diego County.  Id.  On March 19, 2010, Plaintiff allegedly served Defendants with a written notice requiring them to quit and deliver up possession of the property to Plaintiff.  Defendants have failed to comply with the notice. Id. ¶¶ 5-6. According to Plaintiff, the reasonable value of the use and occupancy of the property is $50.00 per day. Damages have accrued to Plaintiff at that rate since March 23, 2010, and will continue to accrue at that rate so long as Defendants remain in possession of the property. See id. ¶ 7.

Plaintiff commenced this action on March 31, 2010, by filing the Complaint in the Superior Court for the County of San Diego. On July 12, 2010, Defendant Benjamin Gudoy removed the case to this Court, alleging that jurisdiction was proper under 28 U.S.C. §§ 1332 and 1441(a).  Doc. No. 1.  On October 21, 2010, Plaintiff filed its Motion to Remand and Request for Attorney Fees and Costs (together, "Pl.'s Combined Mot.").  Doc. No. 2.  Defendants have not opposed Plaintiff's motion.

**LEGAL STANDARD**

**I. Motion to Remand**

A civil action that is filed in state court may be removed if the federal district court has original jurisdiction based on either "diversity of citizenship" or a "federal question."  See 28 U.S.C. § 1441(a); see also id. §§ 1331, 1332.  Once the case is removed, "[a] motion to remand the case on the basis of

---

[1] Gudoy highlights in his notice of removal that Plaintiff's complaint is not verified but includes a verification, signed by Plaintiff's attorney, stating that Plaintiff was absent from the County of San Diego and therefore unable to verify the pleading.  Doc. No. 1.  While it appears that Gudoy highlighted this issue as evidence that Plaintiff is domiciled outside of the State of California, the Court notes that whether Plaintiff's initial complaint was verified has no bearing on the issue of the Court's subject matter jurisdiction.

any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Id. § 1447(c).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

Jurisdiction founded on "diversity of citizenship" requires that there be both complete diversity of the parties and an amount in controversy exceeding $75,000.  See 28 U.S.C. § 1332(a).  A natural person is a "citizen" for diversity jurisdiction purposes in the state where she is domiciled.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. (citation omitted).

The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether the removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  This "strong presumption" against removal jurisdiction means that the defendant bears the burden of proving the propriety of removal.  Id. (citations omitted).

**II. Motion for Attorney Fees and Costs**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, there is no automatic entitlement to an award of attorney fees and costs.  Martin v. Franklin Capital Corp., 546 U.S. 132, 136-37 (2005).  Rather, the language of Section 1447(c) makes such an award discretionary. Id. at 139.  As the Supreme Court has stated, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  Id. at 140. Thus, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Id. at 136, 141.

**DISCUSSION**

**I. Motion to Remand**

In the present case, Gudoy alleges that federal jurisdiction is proper under 28 U.S.C. § 1332, due to the parties' diversity of citizenship.  Notice of Removal, at 2.  Plaintiff disputes this allegation,

1  alleging that the amount in controversy is less than $75,000.  Therefore there is no federal jurisdiction.[2]

2  See Pl.'s Combined Mot., at 5.  For diversity jurisdiction to be proper, the parties must be completely

3  diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).  Having

4  reviewed Gudoy's Notice of Removal, the Court concludes that he has failed to provide facts

5  establishing that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).

6          Plaintiff's Complaint clearly states that it seeks damages under $10,000.  See Complaint, at 1.

7  Moreover, Plaintiff alleges that the amount in question is $50 per day, accruing from March 23, 2010,

8  until Defendants surrender possession of the property.  See id. ¶ 7.  Using that calculus, the amount in

9  controversy totaled $5,600[3] at the time of removal—far short of the $75,000 required for diversity

10  jurisdiction under 28 U.S.C. § 1332.[4]  Gudoy has provided no facts to support a contrary conclusion.

11          Gudoy baldly asserts that the amount in question exceeds $75,000 but provides no support for

12  that claim.  But Gudoy bears the burden of establishing that removal is proper—including "actually

13  proving the facts to support . . . the jurisdictional amount".  See Gaus, 980 F.2d at 566-67.  Conclusory

14  allegations and mere denials of facts alleged in the complaint are insufficient to meet that burden.  Id.

15  Accordingly, the Court has no choice but to find that Gudoy has failed to prove that the amount in

16  controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a), and, as a result, that no diversity of

17  citizenship jurisdiction supports removal in this case.

18          Plaintiff also asserts that, because Defendants are citizens of California—the forum state—

19  removal is improper under the "forum defendant rule."  See Pl.'s Combined Mot., at 8.  The forum

20  defendant rule precludes a defendant that is a citizen of the forum state from removing a case to federal

21

22          [2] Defendants have not relied on Section 1331 as a basis for removal, but the Court notes that nothing in Plaintiff's Complaint—which alleges just one cause of action, Unlawful Detainer under California law—or Defendants' Notice of Removal suggests that a federal question exists in this case.

23

24          [3] Plaintiff alleges that damages have accrued at a rate of $50 per day since three days after Plaintiff served Defendants with a written notice requiring them quit and deliver possession of the property to Plaintiff.  See Complaint ¶¶ 5-7.  Plaintiff allegedly served Defendants with that notice on March 19, 2010.  Id.  Thus, damages began to accrue on March 23, 2010.  Defendants removed the case on July 12, 2010; thus, damages had accrued for 112 days when Defendants removed.  At $50 per day for 112 days, the total amount in controversy at the time of removal was $5,600.

25

26

27          [4] Even if the Court were to calculate the amount in controversy though the date of this Order— that is, approximately 250 days from March 23, 2010—the total amount in controversy amounts to approximately $12,500.  At the rate of $50 per day, the eviction process would have to last more than four years to meet the minimum amount in controversy set forth in 28 U.S.C. § 1332(a).

28

4

court, even where complete diversity exits.  See 28 U.S.C. § 1441(b) (an action is removable for diversity of citizenship jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); Spencer v. U.S. Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004).  The rule, however, is procedural, not jurisdictional; thus, a plaintiff must move for remand within thirty days of when the notice of removal is filed, or else she waives her right to seek remand under the forum defendant rule.  See Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939-42 (9th Cir. 2006) ("[T]he forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)."); see also Powell v. DEF Express, Inc., 265 Fed, Appx, 672, 674 (9th Cir. 2008) ("[F]ailure to file [a motion to remand under the forum defendant rule] within the 30-day statutory period result[s] in forfeiture of [the plaintiff's] procedural objections to removal.").

Plaintiff moved for remand on October 20, 2010—some ninety-nine days after Defendants filed their notice of removal on July 12, 2010.  Thus, though the Court holds that removal was inappropriate because Gudoy has failed to show that Section 1332(a)'s amount-in-controversy requirement is satisfied, the Court also notes that, by waiting more than thirty days to move for remand, Plaintiff waived its right to object to removal based on the forum defendant rule.  Lively, 456 F.3d at 939-42.

**II. Motion for Attorney Fees and Costs**

Plaintiff also seeks to recover its attorney fees and costs incurred in filing the motion for remand.  Pl.'s Combined Motion, at 8-9.  Plaintiff alleges that there was no basis for federal subject matter jurisdiction in this case and that Gudoy's removal "frustrated the summary nature of the unlawful detainer action" by requiring expenditure of additional resources.  Id.  Moreover, Plaintiff submits that Gudoy's sole purpose for removal was to "cause unnecessary delay and otherwise seek to impede [Plaintiff's] right to recover possession of real property."  Id. at 9.  Plaintiff, however, offers nothing beyond conclusory assertions to support those allegations.

Whether to award attorney's fees is discretionary.  Martin, 546 U.S. at 136, 141.  The Court may consider factors other than the merits of a party's removal, and such additional factors counsel against awarding attorney fees in this case.  See id.  First, although pro se litigants "must follow the same rules of procedure that govern other litigants," King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

they are held to less stringent standards with regard to their pleadings than are attorneys.  Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).  Gudoy, a pro se litigant, is therefore entitled to more leeway in his attempt to comply with the removal statute.  Additionally, Plaintiff's delay in seeking remand—ninety-nine days from Gudoy's filing of the notice of removal—undermines any justification for awarding attorney fees and costs.[5]  See Martin, 546 U.S. at 141.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendant Gudoy has failed to demonstrate that jurisdiction is proper in this Court under 28 U.S.C. § 1332.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand, and **REMANDS** the matter to state court.  Additionally, for the reasons previously stated, the Court **DENIES** Plaintiff's Motion for Attorney Fees and Costs.

**IT IS SO ORDERED.**

**DATED:** November 30, 2010

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[5] The Court also points out that, even if it were to have awarded attorney fees to Plaintiff, Plaintiff's motion overestimates the amount of the fees incurred as a result of Gudoy's removal of this case.  Plaintiff requests $700.00 for costs incurred while preparing the motion for remand, and an estimated $525.00 for drafting a reply to Gudoy's response, for a total of $1,225.  Because Gudoy has not filed a response to Plaintiff's motion, Plaintiff has not incurred the additional $525.00.  Thus, even if the Court were inclined to award attorney fees, it would not have considered awarding more than $700.00.